UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE  )<br>UNITED STATES OF AMERICA FOR  )<br>AN ORDER AUTHORIZING THE  )<br>INSTALLATION AND USE OF PEN  )<br>REGISTER AND TRAP AND  )<br>TRACE DEVICES ON WHATSAPP  )<br>ACCOUNT (809) 729-7962  )<br>  ) | No.  1:20-mc-<br><br>**Filed Under Seal at LEVEL II** |

## APPLICATION

The United States of America, moving by and through Assistant United States Attorney Seth R. Aframe, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen register and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp, Inc. ("WhatsApp") electronic messaging service account (809) 729-7962 (the "Subject Account") with unknown subscriber information believed to be used by Marbin Cruz-Gonzalez.  In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification

by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Drug Enforcement Administration ("DEA"). The DEA is being assisted in this investigation by other state, local, and federal investigative agencies. The DEA, working with the United States Attorney's Office for the District of New Hampshire, is investigating possible violations of federal criminal laws.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation of Marbin Cruz-Gonzalez and others that is being conducted by the DEA.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of pen register and trap and trace devices specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the

originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10. WhatsApp is a United States company that provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that permits users to send and receive messages and calls. WhatsApp also permits users of its smartphone application to access their WhatsApp accounts via a desktop or laptop computer.

11. The smartphone-based WhatsApp Messenger allows users to exchange, inter alia, text messages, audio messages, video messages, and files such as documents and photos with other WhatsApp users. It also permits users to engage in real-time voice and video calls and to set up and participate in group chats. Messages and calls sent through WhatsApp Messenger are transmitted over the Internet via WhatsApp servers located in the United States. A user may use a cellular provider's data network or another data connection (such as a home wireless router or a public wireless hotspot) to which the user's device is connected to connect to and send messages via WhatsApp Messenger.

12. Users of WhatsApp Messenger can also access their WhatsApp accounts via a computer using a desktop application or via an Internet browser. The computer-based WhatsApp service offers similar functionality to the smartphone-based application, including the ability to send and receive text messages, video messages, and files such as photos.

13. Each WhatsApp account has a unique account identifier in the form of the telephone

number of the mobile phone upon which the user has installed the WhatsApp Messenger application. These phone numbers are used by WhatsApp users to identify the intended recipient of the messages that they send as well as the sender of messages that they receive. These telephone numbers, which also function as WhatsApp account identifiers, can be recorded by pen-trap devices and can be used to identify parties to a communication without revealing the communication's content.

## THE RELEVANT FACTS

14. The United States government, including the DEA, is investigating a group of individuals who are believed to be involved in the distribution of large quantities of controlled substances. The investigation concerns possible violations of, inter alia, 21 U.S.C. §§ 846, 843(b), and 841(a)(1).

15. The DEA has conducted a long term investigation into a drug trafficking organization operating out of Lawrence, Massachusetts. Marbin Cruz-Gonzalez is one of the organization's leaders. Cruz-Gonzalez manages the organization from outside of Massachusetts but uses dispatchers to speak with customers and runners in Lawrence to deliver drugs and collect the drug proceeds. A source of information recently provided the DEA with information that Cruz-Gonzalez is using the Subject Account to engage in drug distribution activities.

16. The conduct being investigated involves use of the account described herein. To further the investigation, investigators request to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from that account. The pen-trap devices sought to be installed and used pursuant to the order resulting from this application could record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the account(s) described in Attachment A, including:

4

- the source and destination WhatsApp account(s);
- the date, time, and duration of the communication; and
- IP address used in conjunction with the communication, including IP address associated with access to the target WhatsApp account(s).

## GOVERNMENT REQUESTS

17. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the Subject Account, along with the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

18. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

19. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the DEA, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

20. The United States further requests that the Court order WhatsApp and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the DEA of any changes relating to the Subject Account, including changes to subscriber information, and to provide prior notice to the applicant and the DEA before terminating or changing service to the Subject Account.

21. The United States further requests that the Court order that the DEA and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

22. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, unless and until authorized by this Court, except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice.

23. The United States further requests that any resulting Order be sealed until further order of the Court pursuant to 18 U.S.C. § 3123(d)(1).

24. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with a certified copy of this application and Order, and provide copies of this Order to the DEA and WhatsApp upon request.

25. The foregoing is based on information provided to me in my official capacity by agents and task force officers of the DEA.

I declare under penalty of perjury that the foregoing is true and correct.

October 7, 2020                                         Respectfully submitted,

                                                        SCOTT W. MURRAY
                                                        United States Attorney


                                                        By: /s/ Seth R. Aframe
                                                        Seth R. Aframe
                                                        Assistant U.S. Attorney

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICES ON WHATSAPP ACCOUNT (809) 729-7962 | No. 1:20-mc- <br><br> Filed Under Seal |

ORDER

Assistant United States Attorney Seth R. Aframe, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen register and trap and trace devices ("pen-trap devices") on the WhatsApp Inc. ("WhatsApp") electronic messaging service account (809) 729-7962 (the "Subject Account") believed to be used by Marbin Cruz-Gonzalez.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation that is being conducted by the Drug Enforcement Administration ("DEA") of individuals including Marbin Cruz-Gonzalez and others in connection with possible violations of 21 U.S.C. §§ 846, 843(b), and 841(a)(1).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that pen-trap devices may be installed by WhatsApp and the DEA to record, decode, and/or capture all non-content dialing, routing, addressing, and signaling information associated with each communication to or from the Subject Account, including the source and destination WhatsApp account(s), date, time, duration of

the communication, and Internet Protocol address, including Internet Protocol address associated with access to the target WhatsApp account(s), without geographic limit.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty (60) days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that WhatsApp and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the DEA reasonably compensate WhatsApp and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that WhatsApp and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the DEA of any changes relating to the Subject Account, including changes to subscriber information, and to provide prior notice to the DEA before terminating or changing service to the Subject Account;

IT IS FURTHER ORDERED that the DEA and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the DEA, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the

existence of the application and this Order, the pen-trap devices, or the investigation to any person, except as necessary to effectuate this Order, unless and until otherwise ordered by the Court except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice;

      IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with a certified copy of this application and Order, and shall provide copies of this Order to the DEA and WhatsApp upon request;

      IT IS FURTHER ORDERED that this Order remain sealed until further order of the Court pursuant to 18 U.S.C. § 3123(d)(1).

_____        _____
Date        Andrea K. Johnstone
       United States Magistrate Judge